UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGORY MORGENWECK | : | |
| 41 Glenloch Way | : | |
| Malvern, PA 19355. | : | |
| | : | |
| VS. | : | |
| | : | |
| VISION CAPITAL ADVISORS, LLC. | : | |
| 20 W. 55th Street | : | Civil No.: 08 CV 2969 (BSJ) (RLE) |
| 5th Floor | : | ECF CASE |
| New York, NY 10019 | : | |
| and | : | |
| | : | |
| VISION OPPORTUNITY CAPITAL | : | |
| MANAGEMENT, LLC and | : | |
| 20 W. 55th Street | : | |
| 5th Floor | : | |
| New York, NY 10019 | : | |
| and | : | |
| | : | |
| ADAM BENOWITZ | : | |
| 20 W. 55th Street | : | |
| 5th Floor | : | |
| New York, NY 10019 | : | |
| and | : | |
| | : | |
| RANDOLPH COHEN | : | |
| 20 W. 55th Street | : | |
| 5th Floor | : | |
| New York, NY 10019 | : | |

## COMPLAINT IN CIVIL ACTION

## I. PRELIMINARY STATEMENT

This is an action for damages brought by the Plaintiff against the Defendants for

violations of Pennsylvania Wage Payment and Collection Law (hereafter "WPCL") 43PS §260.9

(a) *et. seq*.,; violations of New York Labor Law §193 &§ 198; breach of contract; quantum

meruit; unjust enrichment; promissory estoppel/detrimental reliance; intentional interference

with contractual relationship; fraudulent misrepresentation; and punitive damages.

## II. STATEMENT OF JURISDICTION AND VENUE

1.      The jurisdiction of this Court rises under 28 U.S.C. §1332.  The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Supplemental jurisdiction exists for a state laws claims pursuant to 28 U.S.C.§1367.

2.      Venue lies properly in this District, pursuant to 28 U.S.C.§1391(a)(1)(2).

## III. PARTIES

3.      Plaintiff, Gregory Morgenweck, is an adult individual and a citizen of the Commonwealth of Pennsylvania who resides at  41 Glenloch Way, Malvern, PA   19355.

4.      Defendant Vision Capital Advisors, LLC (hereinafter "Vision Capital") is a business entity which has a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY   10019.

5.      Defendant Vision Opportunity Capital Management, LLC (hereinafter "Vision Opportunity")is a business entity which has a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY   10019.

6.      Defendant Adam Benowitz (hereinafter "Benowitz")  is an adult individual whom is co-founder and an officer of Defendant, Vision Capital and Vision Opportunity which has a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY   10019.

7.      Defendant Randolph Cohen (hereinafter "Cohen") is co-founder and an employee/consultant of Defendant, Vision Capital and Vision Opportunity which has a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY   10019.

## IV.  **FACTUAL ALLEGATIONS**

8.      Defendants Cohen and Benowitz, as agents of Defendants Vision Capital and Vision Opportunity, hired Plaintiff in or about March, 2004, as a System Architect and Developer for Defendants Vision Capital and Vision Opportunity.

9.      Defendant Benowitz offered Plaintiff a 10% equity share which included 10% of the net profits of Defendants Vision Capital and Vision Opportunity in exchange for Plaintiff preforming certain duties and services on behalf of and for the benefit of Defendants Vision Capital and Vision Opportunity.

10.     At the time Defendants made the offer to Plaintiff, Plaintiff was gainfully employed.

11.     Based on and relying on the Defendants' offer, Plaintiff terminated his employment with his then current employer in order to begin his work for the Defendants.

12.     As part of his job duties, Plaintiff was responsible for, among other things, developing proprietary systems and data bases, maintaining these and providing other IT services to Defendants, to run the financial and other reports which were necessary for day to day operations as well as the monthly and annual reconciliation.

13.     Plaintiff continued to work for Defendants through February of 2006, under the guise and assurances of Defendants Benowitz and Cohen that he would be properly compensated pursuant to their agreement.

14.     During Plaintiff's period of employment with Defendants, Plaintiff was offered, and declined other job opportunities, based on assurances from Defendants, that Plaintiff would be compensated and that Plaintiff was needed to perform his duties on behalf of Defendants Vison Capital and Vision Opportunity.

15. During the course of his employment with the Defendants, Plaintiff worked approximately 60 to 80 hours per week for the benefit of Defendants Vision Capital and Vision Opportunity.

16. At all times during Plaintiff's employment with Defendants, he continued to reside at 41 Glenloch Way, Malvern, PA 19355.

17. Plaintiff ceased his employment relationship with the Defendants in or about February, 2006.

18. During his period of employment with the Defendants, Plaintiff inquired several times regarding compensation.

19. During his employment with Defendants, Plaintiff was repeatedly assured by Defendants Benowitz and Cohen that he would be compensated for the services he was providing to Defendants Vision Capital and Vision Opportunity. Plaintiff learned sometime after leaving the employment of Defendants that Defendants were not going to compensate him pursuant to their agreement, nor did Defendants ever have any intention of compensating Plaintiff, despite the numerous previous reassurances from the Defendants that Plaintiff would in fact be compensated. Specifically, Defendant Benowitz informed Plaintiff that Plaintiff was doing this work as a favor to Defendant Benowitz.

20. At no time during his employment with the Defendants did Plaintiff receive any compensation for his work performed on behalf of Defendants Vision Capital or Vision Opportunity.

21.     As of the filing of this Complaint, Plaintiff has not received any compensation for Plaintiff's services provided to Defendants Vision Capital or Vision Opportunity as part of his employment relationship.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and  pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rates, and finance charges, out of pocket expenses, loss of opportunity income and other related costs, all of which will continue into the future, to Plaintiff's great detriment and loss.

23.     Defendants Vision Capital and Vision Opportunity were acting by and through their servants, agents, and/or employees, including, but not limited to Defendants Benowitz and Cohen who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants, herein.

## V. CLAIMS

## COUNT I – WPCL
## PLAINTIFF V. DEFENDANTS

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Pursuant to 43.PS. §260.9(a) Defendants are liable to the Plaintiff for failure to pay Plaintiff wages for the period of March, 2004 through February, 2006.

26.     Accordingly, the Defendants have violated 43 PS §260.9 (a).

27.     These unlawful practices were intentional and willful on the part of the Defendants.

28.    These practices have caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

**COUNT II**
**BREACH OF CONTRACT**
**PLAINTIFF V. DEFENDANTS**

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.    Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

31.    Plaintiff performed numerous duties on behalf and to the benefit of Defendants.

32.    In exchange for performing these numerous duties, the Defendants promised to compensate Plaintiff in the form of 10% equity share , which includes 10% of annual net profits, of Defendants Vision Capital and Vision Opportunity.

33.    The Defendants have failed to compensate Plaintiff for services provided by the Plaintiff.  As a result of Defendants' failure to compensate Plaintiff, Defendants have breached their contract with the Plaintiff, and Defendants have received unjust enrichment as a result of their breach.

34.    Defendants' actions were willful and intentional.

35.    These practices have caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

## COUNT III
## NEW YORK LABOR LAW §193; §198
## PLAINTIFF V. DEFENDANTS

36.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.    Pursuant to Article 6 of the New York Labor Law, N.Y. Lab. Law (§§ 193 and 198) Defendants are liable to the Plaintiff for failure to pay Plaintiff wages for the period of March, 2004 through February, 2006.

38.    Accordingly, the Defendants have violated the New York Labor Laws.

39.    These unlawful practices were intentional and willful on the part of the Defendants.

40.    These practices have caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

**COUNT IV**
**QUANTUM MERUIT**
**PLAINTIFF V. DEFENDANTS**

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

43.     Plaintiff performed said services on behalf and to the benefit of Defendants.

44.     In exchange for providing these services, the Defendants promised to compensate Plaintiff in accordance with the aforementioned contract.

45.     Accordingly, Plaintiff performed said duties under the reasonable expectation that he would be compensated by Plaintiff in accordance with the oral contract detailed above.

46.     Defendants accepted, used and enjoyed the services provided by Plaintiff.

47.     The Defendants have failed to compensate Plaintiff for services provided by the Plaintiff.

48.     Defendants' failure to compensate Plaintiff has caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

## COUNT V
## UNJUST ENRICHMENT
## PLAINTIFF V. DEFENDANTS

49.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.    Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

51.    Plaintiff provided said services on behalf and to the benefit of Defendants.

52.    In exchange for providing these services, the Defendants promised to compensate Plaintiff in accordance with the aforementioned contract

53.    At all times relevant thereto, Defendants appreciated and knew that such services provided by Plaintiff acted to bestow a benefit upon Defendants.

54.    The Defendants have failed to compensate Plaintiff for services provided by the Plaintiff.

55.    As a result of Defendants' failure to compensate Plaintiff, Defendants have been unjustly enriched by Plaintiff's services and it is inequitable for Defendants to retain the benefit without payment to Plaintiff for the services performed.

56.    These practices have caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

## COUNT VI
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE
## PLAINTIFF V. DEFENDANTS

57.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58.    Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

59.    Said contract was both clear and unambiguous in its terms.

60.    Plaintiff provided said services on behalf and to the benefit of Defendants.

61.    In exchange for providing these services, the Defendants promised to compensate Plaintiff in accordance with the aforementioned contract.

62.    It was reasonable and foreseeable for Plaintiff to rely upon Defendants' promises of compensation in his diligence to provide the aforementioned services under the contract.

63.    Defendants knew or should have known that Plaintiff would rely upon their promise of compensation in his diligence to provide the aforementioned services.

64.    The Defendants have failed to compensate Plaintiff for services provided by the Plaintiff.

65.    In so relying upon Defendants' promise of compensation, Defendants' failure to compensate Plaintiff has caused Plaintiff damages, including, but without limitation, serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

<u>COUNT VII</u>
## <u>INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP</u><br><u>PLAINTIFF V. DEFENDANTS</u>

66.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67.    Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

68.    Under the aforementioned contract, Plaintiff provided said services on behalf and to the benefit of Defendants.

69.    During such time that Plaintiff was performing his duties owed to Defendants under the aforementioned contract, Plaintiff was presented with opportunities to enter into other contractual employment relationships with other entities.

70.    Defendants purposefully and intentionally prevented Plaintiff from entering into such prospective contracts with these other entities.

71.    There exists no justification or privilege that can be asserted by Defendants for their actions taken to prevent Plaintiff from entering into such prospective contracts with these other entities.

72.    As a result of Defendants' purposeful actions to prevent Plaintiff from entering into such prospective contracts with these other entities, Plaintiff has suffered significant legal damages, to include serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, out of pocket expenses, loss of opportunity income and other related costs.

73.    Moreover, the actions and inactions of Defendants were intentional, malicious, wanton, reckless, outrageous and so far beyond the reasonable bounds of business conduct so as to entitle Plaintiff to an award of punitive damages.

## COUNT VII
## FRAUDULENT MISREPRESENTATION
## PLAINTIFF V. DEFENDANTS

74.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

75.    Plaintiff entered into an oral contract with the Defendants to perform certain duties as enumerated above.

76.    Under said contract, Plaintiff agreed to provide said services on behalf and to the benefit of Defendants.

77.    In exchange for performing these numerous duties, the Defendants promised to compensate Plaintiff in accordance with the aforementioned contract.

78.    Defendants promise of compensation was a material fact to the aforementioned contract and was false when made by Defendants.

79.    Defendants made such promises of compensation to Plaintiff with the intent of inducing Plaintiff to provide said services in reliance thereof.

80.    At the time that Defendants made such statement conveying their promises for consideration of Plaintiff's services, Defendants either knew that such material statements were false, or Defendants made such material statements with utter disregard for the truth or falsity of such statements.

81.    Defendants knew or should have known that Plaintiff would rely upon their promise of compensation in his diligence to carry out the aforementioned duties in satisfaction of his obligations under the contract.

82.    Plaintiff did in fact rely upon Defendants' promise of compensation and which such reliance induced Plaintiff into satisfying his obligations under the contract.

83.    The Defendants have failed to compensate Plaintiff for services provided by the Plaintiff.

84.    As a result of Defendants' failure to compensate Plaintiff, Plaintiff has suffered significant legal damages to include serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

85.    Moreover, the actions and inactions of Defendants were intentional, malicious, wanton, reckless, outrageous and so far beyond the reasonable bounds of business conduct so as to entitle Plaintiff to an award of punitive damages.

**COUNT VII**
**PUNITIVE DAMAGES**
**PLAINTIFF V. DEFENDANTS**

86.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

87.    As a result of Defendants actions and inactions directed at Plaintiff, Plaintiff has suffered significant legal damages to include serious financial and pecuniary harm, which includes, but is not limited to, loss of income, loss of funds, loss of mortgage, credit refinancing

and loan consolidation opportunities, excessive and/or elevated interest rate, and finance charges, out of pocket expenses, loss of opportunity income and other related costs.

88.     Moreover, the actions and inactions of Defendants as directed to Plaintiff were intentional, malicious, wanton, reckless, outrageous and so far beyond the reasonable bounds of business conduct so as to entitle Plaintiff to an award of punitive damages.

## VI.  **JURY TRIAL DEMANDED**

Plaintiff demands a Trial by jury on all issues so triable.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual Damages;

(b)     Statutory damages;

(c)      Punitive damages

(d)     Costs and reasonable attorneys' fees pursuant to 42 PS §216.9(a); and,

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

KENT & McBRIDE, P.C.


By: _____
            Christopher D. Devanny
            (CDD3719)
            Woodbridge Towers
            555 Route 1 South, Fourth Floor
            Iselin, NJ 08830
            Court Identification No.

DATE: _____