UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
GREGORY MORGENWECK,

              Plaintiff,

-vs-

VISION CAPITAL ADVISORS, LLC, VISION OPPORTUNITY CAPITAL MANAGEMENT, LLC, ADAM BENOWITZ and RANDOLPH COHEN

              Defendants.
-----------------------------------------------------------x

VISION CAPITAL ADVISORS, LLC and VISION OPPORTUNITY CAPITAL MANAGEMENT, LLC

    Counterclaim Plaintiffs,

-vs-

GREGORY MORGENWECK,

    Counterclaim Defendant.
-----------------------------------------------------------x

No. 08 CV 2969 (BSJ) (RLE)

## ANSWER AND COUNTERCLAIM

        Defendants and counterclaim plaintiffs Vision Capital Advisors, LLC (c/k/a VOCM, LLC, hereinafter "VCA"), Vision Opportunity Capital Management, LLC (c/k/a Vision Capital Advisors, LLC, hereinafter "Vision Opportunity" and together with VCA, the "Vision Entities"), and defendants Adam Benowitz and Randolph Cohen file this Answer to the Complaint dated March 20, 2008 filed by plaintiff and counterclaim defendant Gregory Morgenweck (the "Complaint") and the Vision Entities file this Counterclaim, and allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

10660591.1

# ANSWER

Section I.   Deny the allegations set forth in the Preliminary Statement of the Complaint, except admit that this action purports to be one for damages brought by the Plaintiff for violations of Pennsylvania Wage Payment and Collection Law (hereafter "WPCL") 43PS §260.9 (a) *et seq.*; violations of New York Labor Law §193 & §198; breach of contract; quantum merit; unjust enrichment; promissory estoppel detrimental reliance; intentional interference with contractual relationship; fraudulent misrepresentation; and punitive damages.

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff alleges that the jurisdiction of this Court arises under 28 U.S.C. §1332, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Adam Benowitz is an adult individual whom is co-founder and managing member of VCA and Vision Opportunity.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Randolph Cohen is co-founder of, and consultant to VCA and Vision Opportunity.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was gainfully employed.

11. Deny the allegations contained in paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff terminated his employment with his then current employer in order to begin his work for the Defendants.

12. Deny the allegations contained in paragraph 12 of the Complaint, except admit that in 2004 Plaintiff agreed to perform certain IT services for the benefit of the Vision Entities.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that in 2004 Plaintiff agreed to perform certain IT services for the benefit of the Vision Entities.

14. Deny the allegations contained in paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was offered, and declined other job opportunities, and admit that in 2004 Plaintiff agreed to perform certain IT services for the benefit of the Vision Entities.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that Plaintiff had ceased to provide any IT services to the Vision Entities by the end of February 2006.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that VCA and Vision Opportunity act from time to time by and through their servants, agents or employees.

24. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiff performed certain duties for the benefit of the Vision Entities.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

47. Deny the allegations contained in paragraph 47 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

52. Deny the allegations contained in paragraph 52 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

53. Deny the allegations contained in paragraph 53 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

54. Deny the allegations contained in paragraph 54 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint, except admit that Plaintiff was fully compensated for the services he provided to the Vision Entities.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

69. Deny the allegations contained in paragraph 69 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was presented with opportunities to enter into contractual employment relationships with other entities.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint, except admit that Plaintiff performed certain services for the benefit of the Vision Entities.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Incorporate by reference the answers to the allegations incorporated by reference in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Deny the allegations contained in paragraph 88 of the Complaint.

Section VI.   Deny the allegations contained in Section VI of the Complaint, except admit that Plaintiff demands a trial by jury on all issues so triable.

Section VII.   Deny the allegations contained in Section VII of the Complaint, except admit that Plaintiff seeks a judgment in its favor and damages against the Defendants, based on the relief requested therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

89. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

90. Each and every claim in the Complaint is barred by the doctrines of estoppel or waiver.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91. Plaintiff's purported damages are nonexistent, speculative, not of the nature or to the extent alleged, and were not the foreseeable result of Defendants' alleged conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92. If Plaintiff has sustained damages as alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93. Each and every claim in the Complaint is barred by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

94. The breach of contract, quantum meruit, unjust enrichment, promissory estoppel/detrimental reliance, intentional interference with contractual relationship and fraudulent misrepresentation claims in the Complaint are barred by the statute of frauds.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

95. To the extent Plaintiff seeks punitive damages, no act or omission was gross, wanton, malicious, or morally culpable and, therefore, any award of punitive damages is barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

96. Each and every claim in the Complaint is barred because Defendants acted in good faith and within their legal rights during all relevant times.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

97. Each and every claim in the Complaint is barred, in whole or in part, because Plaintiff failed to mitigate his damages, if any.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

98.     The fraudulent misrepresentation claim in the Complaint is barred because Defendants did not owe any duty to Plaintiff.  Alternatively, to the extent Defendants owed a duty to Plaintiff, neither one breached any such duty.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

99.     The fraudulent misrepresentation claim in the Complaint is barred because Plaintiff fails to allege with particularity the circumstances surrounding the alleged fraudulent misrepresentation, as required by Federal Rule of Civil Procedure 9(b).

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

100.    The injuries Plaintiff allegedly sustained were not actually or proximately caused, or contributed to, by any act on the part of Defendants.

## AS AND FOR A THIRTEENETH AFFIRMATIVE DEFENSE

101.    Each and every claim in the Complaint is barred by the doctrine of laches.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

102.    Each and every claim in the Complaint is barred by the doctrine of in pari delicto.

## AS AND FOR AN FIFTHTEENETH AFFIRMATIVE DEFENSE

103.    Plaintiff's WPCL claim pursuant to 43 PS § 260.9(a) is barred because Pennsylvania law does not apply to this action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's quantum meruit claim and lost wages claims pursuant to 43 PS § 260.9(a) and N.Y. Labor Law §§ 193, 198 are barred because Plaintiff was never an employee of either of the Vision Entities.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

105. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendants to determine all of their legal, contractual, and equitable rights, Defendants reserve the right to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Defendants will rely on all defenses that may become available during discovery or trial.

## COUNTERCLAIMS OF THE VISION ENTITIES

The Vision Entities file this Counterclaim against plaintiff and counterclaim defendant Gregory Morgenweck and allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

## SUMMARY OF COUNTERCLAIMS

1. The action filed by Gregory Morgenweck against the defendants is nothing more than an attempt by him to extract money from the defendants based on an alleged breach of a nonexistent agreement. His claims are factually and legally baseless. Indeed, it is Morgenweck who is in breach of a contract of which defendants and counterclaim plaintiffs VCA and Vision Opportunity are third party beneficiaries.

2. In addition, Morgenweck has misappropriated certain confidential and proprietary information and, among other things, apparently has shared that information with at least one other individual who is now attempting to extort millions of dollars from Messrs. Benowitz and Cohen.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1) or (2).

## THE PARTIES

5. Vision Capital Advisors, LLC (c/k/a VOCM, LLC) is a limited liability company with a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY 10019.

6. Vision Opportunity Capital Management, LLC (c/k/a Vision Capital Advisors, LLC) is a limited liability company with a principal place of business located at 20 W. 55th Street, 5th Floor, New York, NY 10019.

7. Upon information and belief, Morgenweck is a resident of Pennsylvania.

## FACTUAL ALLEGATIONS

8. In 2004, Morgenweck entered into an agreement (the "Contract") with an entity known as Gargoyle Partners LLC ("Gargoyle") pursuant to which he agreed to provide certain data processing and other IT-related services to Gargoyle. He also agreed to provide similar services to VCA, and later, Vision Opportunity. In return, Gargoyle agreed to pay Morgenweck the equivalent of 10% of the account profits of Gargoyle.

9. In connection with Morgenweck's provision of services under the Contract, he was given access to proprietary and confidential business information of the Vision Entities, including confidential trading information.

10. Morgenweck spent the vast majority of his time under the Contract performing services for Gargoyle and only a limited amount of time working on projects for the Vision Entities.

11. Almost from the beginning, Morgenweck incompetently discharged his obligations under the contract with Gargoyle. For instance, one of Morgenweck's responsibilities was to develop software that would automate the process of recording the value of certain securities based on a predetermined valuation formula. However, Morgenweck breached the Contract because that software program did not function adequately.

12. Indeed, it performed so poorly and did not accurately record the trading information that it was supposed to that it delayed a yearly audit because Morgenweck could not provide the necessary information to complete that audit.

13. These problems were made worse by the fact that Morgenweck was generally uncooperative and difficult to deal with both on a professional and personal level.

14. For instance, he refused to allow either of the Vision Entities direct access to the software program utilized by him for their benefit. Rather, when pressed for such access, Morgenweck only would provide the Vision Entities with so-called "screen shots" of the computer software program. Among other things, this practice made it all but impossible for anyone at the Vision Entities to timely correct the myriad of mistakes that were found in the trading data that Morgenweck was suppose to be compiling.

15. In addition, Morgenweck often refused to travel to the Vision Entities' office in New York, insisting, incorrectly, that he could adequately perform his job from his home in Pennsylvania.

16. He also refused to deal directly with certain employees of the Vision Entities that he needed to speak to in order to perform his job satisfactorily.

17. By the end of 2005, the situation with Morgenweck became untenable. Accordingly, an attempt was made to negotiate what was essentially a severance agreement with Morgenweck whereby, among other things, Morgenweck would train and assist others at Vision to perform his job. However, in early 2006, just as the parties were finalizing that agreement, Morgenweck again breached the Contract by simply walking away from his job without giving any prior notice of his intent to do so and without returning the confidential and proprietary trading information that was entrusted to him.

18. What is even more troubling is what Morgenweck has done with that confidential information since he left the Vision Entities.

19. Despite repeated demands, Morgenweck has not returned any of the confidential information belonging to the Vision Entities that he was given while performing the Contract.

20. Upon information and belief, Morgenweck has kept that confidential information and provided some, if not all, of it to another individual who, in turn, has attempted to extort millions of dollars from the defendants

21. Specifically, on April 6, 2008, counsel for the defendants received an email communication from James Crombie, a former business associate of Messrs. Benowitz and Cohen. In that email, Crombie stated that he was in possession of "copies of original internal Vision Capital files that were supplied to me in early 2008" and demanded that the defendants settle with him to avoid the "financial and reputational damage" of being sued by him. The email also expressly references Mr. Morgenweck and asserts that he will substantiate Mr. Crombie's claims.

22. On April 7, 2008, Crombie sent another email communication to defendants' counsel threatening to embarrass Messrs. Benowitz and Cohen if certain of his demands were not met.

23. Mr. Crombie had previously left a voicemail message identifying John Shea as his attorney. Mr. Shea also represents Morgenweck in connection with this matter, and he is a partner in the law firm that filed the Complaint on behalf of Morgenweck.

24. Upon information and belief, it was Mr. Morgenweck who provided Mr. Crombie with the confidential files referenced in Mr. Crombie's April 6th email.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

25. The Vision Entities reallege and incorporate by reference the allegations set forth in paragraphs 1 to 24 of this Counterclaim as if fully set forth herein.

26. Morgenweck entered into the Contract with Gargoyle in which Morgenweck promised to provide certain services directly to the Vision Entities.

27. Gargoyle and Morgenweck intended that Morgenweck would provide such services directly to the Vision Entities, and this was an express part of the Contract.

28. Thus, each of the Vision Entities was a third party beneficiary of the Contract.

29. In exchange for the services Morgenweck promised to provide to Gargoyle and the Vision Entities, Gargoyle agreed to pay, and did pay, Morgenweck an amount equivalent to 10% of the account profits of Gargoyle.

30. Morgenweck has breached the Contract by failing to adequately perform his obligations thereunder, repudiating the Contract without reasonable notice, and misappropriating

confidential and proprietary information of the Vision Entities, thereby damaging the Vision Entities.

## SECOND CAUSE OF ACTION

### (Misappropriation of Confidential Information)

31. The Vision Entities reallege and incorporate by reference the allegations set forth in paragraphs 1 to 30 of this Counterclaim as if fully set forth herein.

32. Information that the Vision Entities use in their business, including but not limited to trading information, is confidential and proprietary.

33. Indeed, this confidential and proprietary business information is extremely valuable to the Vision Entities.

34. The Vision Entities' confidential and proprietary business information is not known outside of the Vision Entities and is not publicly available. Nor can the Vision Entities' confidential and proprietary business information be properly acquired by persons outside the Vision Entities, nor can it be duplicated by persons outside the Vision Entities.

35. In connection with the Contract, Morgenweck was placed in a position of trust and confidence with the Vision Entities, and was given access to the Vision Entities' proprietary and confidential business information.

36. Nevertheless, Morgenweck breached the confidence and duty he owed to the Vision Entities by, among other things, refusing to return certain confidential and proprietary information he no longer had authority to possess, and impermissibly disclosing that information to a third party.

37. As a result, Morgenweck has misappropriated confidential information and trade secrets belonging to the Vision Entities, causing damage to the Vision Entities.

38. Morgenweck's conduct was wanton, willful and malicious and entitles the Vision Entities to punitive damages in an amount to be determined at trial. Moreover, a remedy at law is not adequate, in and of itself, to compensate the Vision Entities for the actual and imminent injuries caused by Morgenweck's misappropriation of the Vision Entities' confidential information and trade secrets. Morgenweck's misappropriation of the Vision Entities' confidential information and trade secrets has caused and, if not enjoined will continue to cause, the Vision Entities to lose profits and suffer other incidental damages which have not yet been calculated. Accordingly, without the equitable intervention of this Court, the Vision Entities will suffer irreparable injury.

### THIRD CAUSE OF ACTION

**(Conversion)**

39. The Vision Entities reallege and incorporate by reference the allegations set forth in paragraphs 1 to 38 of this Counterclaim as if fully set forth herein.

40. The Vision Entities own and have the sole right to possession of documents, computer files and any other tangible item containing its proprietary and confidential business information.

41. In connection with the Contract, Morgenweck was given access to such documents, computer files and/or other tangible items containing proprietary and confidential information.

42. The Vision Entities have demanded that Morgenweck return to the Vision Entities any documents, computer files and/or other tangible items containing proprietary and confidential information that Morgenweck retained after his relationship with the Vision Entities ended.

43. Despite this demand, Morgenweck has refused to return to the Vision Entities the property described above.

44. In so doing, Morgenweck has intentionally exercised unauthorized dominion and control over such property and thereby interfered with the Vision Entities' superior property rights in the property described above to the exclusion of the Vision Entities' rights.

45. Accordingly, Morgenweck has committed conversion, which has caused the Vision Entities damage. Moreover, inasmuch as Morgenweck knowingly and falsely stated that he was not in possession of the Vision Entities' property described above when, in fact, he was in possession of such property, Morgenweck's conduct was wanton, willful and malicious and entitles the Vision Entities to punitive damages in an amount to be determined at trial.

## JURY TRIAL DEMANDED

The Vision Entities demand a trial by jury on all issues so triable with respect to their counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, the Vision Entities pray for judgment as follows:

A. Preliminarily and permanently enjoining Morgenweck from disclosing outside the Vision Entities or otherwise using the Vision Entities' confidential and proprietary business information,

B. Ordering Morgenweck to return to the Vision Entities all originals and copies of any confidential and proprietary business information regarding the Vision Entities that Morgenweck has in his possession,

C. Awarding the Vision Entities damages resulting from Morgenweck's breach of contract in an amount to be established at trial,

D. Awarding the Vision Entities damages resulting from Morgenweck's misappropriation of their confidential information and trade secrets in an amount to be established at trial,

E. Awarding the Vision Entities damages resulting from Morgenweck's conversion of their confidential information and trade secrets in an amount to be established at trial,

F. Awarding the Vision Entities punitive damages in an amount to be established at trial,

G. For the Vision Entities' costs and expenses, including attorneys' fees, and

H. For each other and further relief as the Court deems just and proper.

Dated: New York, New York
  April 24, 2008

         SCHULTE ROTH & ZABEL LLP

         By: /s/ David K. Momborquette
           David K. Momborquette
           Michael P. Bradley

         919 Third Avenue
         New York, NY  10022
         (212) 756-2000
         david.momborquette@srz.com
         michael.bradley@srz.com

         *Attorneys for defendants and counterclaim plaintiffs Vision Capital Advisors, LLC and Vision Opportunity Capital Management, LLC, and defendants Adam Benowitz and Randolph Cohen*