UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORY MORGENWECK : | |
| 41 Glenloch Way : | |
| Malvern, PA   19355. : | |
| : | |
|           VS. : | |
| : | |
| VISION CAPITAL ADVISORS, LLC. : | |
| 20 W. 55th Street : | Civil No.: 08 CV 2969 (BSJ) (RLE) |
| 5th Floor : | ESF Case |
| New York, NY   10019 : | |
|           and : | |
| : | |
| VISION OPPORTUNITY CAPITAL : | |
| MANAGEMENT, LLC and : | |
| 20 W. 55th Street : | |
| 5th Floor : | |
| New York, NY   10019 : | |
|           and : | |
| : | |
| ADAM BENOWITZ : | |
| 20 W. 55th Street : | |
| 5th Floor : | |
| New York, NY   10019 : | |
|           and : | |
| : | |
| RANDOLPH COHEN : | |
| 20 W. 55th Street : | |
| 5th Floor : | |
| New York, NY   10019 : | |

**PLAINTIFF, GREGORY MORGENWECK'S
ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff, Gregory Morgenweck, by an through his attorneys, Kent & McBride, P.C., hereby file the following answer to Defendants' Counterclaim, and in support thereof, avers as follows:

1.   Denied.  The allegations contained in Paragraph 1 of Defendants' Counterclaim are specifically denied.

2. Denied. The allegations contained in Paragraph 2 of Defendants' Counterclaim are specifically denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied. The specific allegations contained in Paragraph 8 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

9. Admitted that Plaintiff was given access to such information under the contracts with Gargoyle and Vision Opportunity.

10. Denied. The allegations contained in Paragraph 10 of Defendants' Counterclaim are specifically denied.

11. Denied. The allegations contained in Paragraph 11 of Defendants' Counterclaim are specifically denied.

12. Denied. The allegations contained in Paragraph 12 of Defendants' Counterclaim are specifically denied.

13. Denied. The allegations contained in Paragraph 13 of Defendants' Counterclaim are specifically denied.

14. Denied. The allegations contained in Paragraph 14 of Defendants' Counterclaim are specifically denied.

15. Denied. The allegations contained in Paragraph 15 of Defendants' Counterclaim are specifically denied.

16. Denied. The allegations contained in Paragraph 16 of Defendants' Counterclaim are specifically denied.

17. Denied. The allegations contained in Paragraph 17 of Defendants' Counterclaim are specifically denied.

18. Denied. The allegations contained in Paragraph 18 of Defendants' Counterclaim are specifically denied.

19. Denied. The allegations contained in Paragraph 19 of Defendants' Counterclaim are specifically denied.

20. Denied. The allegations contained in Paragraph 20 of Defendants' Counterclaim are specifically denied.

21. Denied. The allegations contained in Paragraph 21 of Defendants' Counterclaim are specifically denied. Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

22. Denied. The allegations contained in Paragraph 23 of Defendants' Counterclaim are specifically denied. Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

23. Denied. The allegations contained in Paragraph 23 of Defendants' Counterclaim are specifically denied. Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie. Moreover, Respondent specifically denies that Mr. Shea has ever talked with James Crombie.

24. Denied. The allegations contained in Paragraph 24 of Defendants' Counterclaim are specifically denied. Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

25. Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Denied. The specific allegations contained in Paragraph 26 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

27. Denied. The specific allegations contained in Paragraph 27 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

28. Denied. The specific allegations contained in Paragraph 28 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

29. Denied. The specific allegations contained in Paragraph 29 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an

employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

30. Denied. The allegations contained in Paragraph 30 of Defendants' Counterclaim are specifically denied.

31. Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Denied. Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Defendants' Counterclaim.

33. Denied. Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Defendants' Counterclaim.

34. Denied. Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Defendants' Counterclaim.

35. Denied. The allegations contained in Paragraph 35 of Defendants' Counterclaim are specifically denied, except that Respondent entered into an employment contract with Defendants.

36. Denied. The allegations contained in Paragraph 36 of Defendants' Counterclaim are specifically denied.

37. Denied. The allegations contained in Paragraph 37 of Defendants' Counterclaim are specifically denied.

38. Denied. The allegations contained in Paragraph 38 of Defendants' Counterclaim are specifically denied.

39. Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Denied. Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Defendants' Counterclaim.

41. Denied. The allegations contained in Paragraph 41 of Defendants' Counterclaim are specifically denied, except that Respondent Morgenweck was given access to documents and computer files during his employment with the Defendants.

42. Denied. The allegations contained in Paragraph 42 of Defendants' Counterclaim are specifically denied.

43. Denied. The allegations contained in Paragraph 43 of Defendants' Counterclaim are specifically denied.

44. Denied. The allegations contained in Paragraph 44 of Defendants' Counterclaim are specifically denied.

45. Denied. The allegations contained in Paragraph 45 of Defendants' Counterclaim are specifically denied.

Jury Trial Demanded - It is admitted that Plaintiff and Defendants demand a Trial by Jury on all issues so triable.

Prayer for Relief - The allegations contained in Defendants' Prayer for Relief are specifically denied, except it is admitted that Defendants seek a judgment in their favor and damages against Plaintiff, based on the relief requested therein.

              KENT & McBRIDE, P.C.


            By: _____
              Christopher D. Devanny
              (CDD3719)
              Woodbridge Towers
              555 Route 1 South, Fourth Floor
              Iselin, NJ 08830
              Court Identification No.

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| GREGORY MORGENWECK | : Civil No.  08 CV 2969 (BSJ) (RLE) |
| 41 Glenloch Way | :  ESF Case |
| Malvern, PA   19355 | : |
|         Plaintiff | : |
|    VS. | : |
| | : |
| VISION CAPITAL ADVISORS, LLC, VISION | : |
| OPPORTUNITY CAPITAL MANAGEMENT LLC, | : |
| ADAM BENOWITZ, and RANDOLPH COHEN | : |

<u>CERTIFICATE OF SERVICE</u>

    I, Christopher D. Devanny, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff, Gregory Morgeneweck's Answer to Defendants' Counterclaim has been mailed to the following counsel/parties of record via UPS Overnight mail on the date specified below.

<u>COUNSEL OF RECORD</u>:

David K. Momborquette, Esquire
Schultz Ruth & Zabel, LLP
919 Third Avenue
New York, NY   10022
(212-756-2000
Counsel for Defendants and Counterclaim
Plaintiffs Vision Capital Advisors, LLC and Vison
Opportunity Capital Management, LLC

                                         KENT & McBRIDE, P.C.

                                         By: _____
                                                 Christopher D. Devanny
                                                 (CDD3917)
                                                 Woodbridge Towers
                                                 555 Route 1 South, Fourth Floor
                                                 Iselin, NJ   08830
                                                 Court Identification No.:

DATE: _____