**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GREGORY MORGENWECK, | : | Civil No.: 08 CV 2969 (BSJ) (RLE) |
| | : | ESF Case |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| VISION CAPITAL ADVISORS, LLC., VISION | : | |
| OPPORTUNITY CAPITAL  MANAGEMENT, | : | |
| LLC,  ADAM BENOWITZ, and RANDOLPH | : | |
| COHEN, | : | |
| | : | |
| Defendants | : | |

----------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
|  VISION CAPITAL ADVISORS, LLC., and | : | |
| VISION   OPPORTUNITY CAPITAL | : | |
| MANAGEMENT, LLC , | : | |
| | : | |
| Counterclaim-Plaintiffs | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| GREGORY MORGENWECK, | : | |
| | : | |
| Counterclaim-Defendant | : | |

**PLAINTIFF, GREGORY MORGENWECK'S**
**AMENDED ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff, Gregory Morgenweck, by an through his attorneys, Kent & McBride, P.C.,

hereby file the following answer to Defendants' Counterclaim, and in support thereof, avers as

follows:

1.      Denied.  The allegations contained in Paragraph 1 of Defendants' Counterclaim

are specifically denied.

2.    Denied.  The allegations contained in Paragraph 2 of Defendants' Counterclaim are specifically denied.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Denied.   The specific allegations contained in Paragraph 8 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

9.    Admitted that Plaintiff was given access to such information under the contracts with Gargoyle and Vision Opportunity.

10.   Denied.  The allegations contained in Paragraph 10 of Defendants' Counterclaim are specifically denied.

11.   Denied.  The allegations contained in Paragraph 11 of Defendants' Counterclaim are specifically denied.

12.   Denied.  The allegations contained in Paragraph 12 of Defendants' Counterclaim are specifically denied.

13.   Denied.  The allegations contained in Paragraph 13 of Defendants' Counterclaim are specifically denied.

14.   Denied.  The allegations contained in Paragraph 14 of Defendants' Counterclaim are specifically denied.

15.    Denied.  The allegations contained in Paragraph 15 of Defendants' Counterclaim are specifically denied.

16.    Denied.  The allegations contained in Paragraph 16 of Defendants' Counterclaim are specifically denied.

17.    Denied.  The allegations contained in Paragraph 17 of Defendants' Counterclaim are specifically denied.

18.    Denied.  The allegations contained in Paragraph 18 of Defendants' Counterclaim are specifically denied.

19.    Denied.  The allegations contained in Paragraph 19 of Defendants' Counterclaim are specifically denied.

20.    Denied.  The allegations contained in Paragraph 20 of Defendants' Counterclaim are specifically denied.

21.    Denied.   The allegations contained in Paragraph 21 of Defendants' Counterclaim are specifically denied.   Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

22.    Denied.   The allegations contained in Paragraph 23 of Defendants' Counterclaim are specifically denied.   Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

23.    Denied.   The allegations contained in Paragraph 23 of Defendants' Counterclaim are specifically denied.   Moreover, Respondent does not possess knowledge or information

3

sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.   Moreover, Respondent specifically denies that Mr. Shea has ever talked with James Crombie.

24.    Denied.   The allegations contained in Paragraph 24 of Defendants' Counterclaim are specifically denied.   Moreover, Respondent does not possess knowledge or information sufficient to form a belief as to the truth regarding communications the Defendants had with James Crombie.

25.    Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.    Denied.   The specific allegations contained in Paragraph 26 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

27.    Denied.   The specific allegations contained in Paragraph 27 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

28.    Denied.   The specific allegations contained in Paragraph 28 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

29.    Denied.   The specific allegations contained in Paragraph 29 of Defendants' Counterclaim are specifically denied, except that Respondent admits that Plaintiff entered into an employment agreement with Defendants with respect to Gargoyle and Vision Opportunity.

30.     Denied.   The allegations contained in Paragraph 30 of Defendants' Counterclaim are specifically denied.

31.     Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     Denied.   Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Defendants' Counterclaim.

33.     Denied.   Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Defendants' Counterclaim.

34.     Denied.   Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Defendants' Counterclaim.

35.     Denied.  The allegations contained in Paragraph 35 of Defendants' Counterclaim are specifically denied, except that Respondent entered into an employment contract with Defendants.

36.     Denied.  The allegations contained in Paragraph 36 of Defendants' Counterclaim are specifically denied.

37.     Denied.  The allegations contained in Paragraph 37 of Defendants' Counterclaim are specifically denied.

5

38.    Denied.  The allegations contained in Paragraph 38 of Defendants' Counterclaim are specifically denied.

39.    Respondent incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.    Denied.  Respondent does not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Defendants' Counterclaim.

41.    Denied.   The allegations contained in Paragraph 41 of Defendants' Counterclaim are specifically denied, except that Respondent Morgenweck was given access to documents and computer files during his employment with the Defendants.

42.    Denied.  The allegations contained in Paragraph 42 of Defendants' Counterclaim are specifically denied.

43.    Denied.  The allegations contained in Paragraph 43 of Defendants' Counterclaim are specifically denied.

44.    Denied.  The allegations contained in Paragraph 44 of Defendants' Counterclaim are specifically denied.

45.    Denied.   The allegations contained in Paragraph 45 of Defendants' Counterclaim are specifically denied.

Jury Trial Demanded - It is admitted that Plaintiff and Defendants demand a Trial by Jury on all issues so triable.

Prayer for Relief - The allegations contained in Defendants' Prayer for Relief are specifically denied, except it is admitted that Defendants seek a judgment in their favor and damages against Plaintiff, based on the relief requested therein.

### FIRST AFFIRMATIVE DEFENSE

46.    Defendants'/Counterclaim-Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47.    Defendants'/Counterclaim-Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Laches.

### THIRD AFFIRMATIVE DEFENSE

48.    The Plaintiff/Counterclaim-Defendant performed each and every duty owed to Defendants/Counterclaim-Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

49.    Any injuries or damages allegedly sustained by Defendants/Counterclaim-Plaintiffs were caused through the sole conduct of the Defendants/Counterclaim-Plaintiffs

### FIFTH AFFIRMATIVE DEFENSE

50.    The claims of Defendants/Counterclaim-Plaintiffs are barred by their failure to mitigate damages

### SIXTH AFFIRMATIVE DEFENSE

51.    If the damages of Defendants/Counterclaim-Plaintiffs are true and proven, which are denied, then such damages were caused by conditions over which the Plaintiff/Counterclaim-Defendant had no control.

## SEVENTH AFFIRMATIVE DEFENSE

52.    Defendants'/Counterclaim-Plaintiffs' claims are barred because of the doctrine of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

53.    Plaintiff/Counterclaim-Defendant fulfilled any alleged duty or obligation toward the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

54.    Plaintiff/Counterclaim-Defendant never breached any promise or contractual obligations, either expressed or implied, to Defendants/Counterclaim-Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

55.    Plaintiff/Counterclaim-Defendant never breached any promise or contractual obligations, either expressed or implied, to Defendants/Counterclaim-Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    Defendants/Counterclaim-Plaintiffs are not entitled to attorney's fees or costs

## TWELFTH AFFIRMATIVE DEFENSE

57.    Plaintiff/Counterclaim-Defendant fulfilled all of his duties and obligations, whether arising from common law, statute, contract or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

58.    To the extent that Defendants/Counterclaim-Plaintiffs are seeking punitive damages, the conduct of Plaintiff/Counterclaim-Defendant was not wanton, willful and malicious and the award of punitive damages is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

59.    Plaintiff/Counterclaim- Defendant hereby reserves the right to interpose such other defenses as discovery may disclose.


KENT & McBRIDE, P.C.


By: _____
        Christopher D. Devanny
        (CDD3719)
        Woodbridge Towers
        555 Route 1 South, Fourth Floor
        Iselin, NJ 08830
        Court Identification No.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GREGORY MORGENWECK, | : | Civil No.: 08 CV 2969 (BSJ) (RLE) |
| | : | ESF Case |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| VISION CAPITAL ADVISORS, LLC., VISION | : | |
| OPPORTUNITY CAPITAL  MANAGEMENT, | : | |
| LLC,  ADAM BENOWITZ, and RANDOLPH | : | |
| COHEN, | : | |
| | : | |
| Defendants | : | |
| | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| VISION CAPITAL ADVISORS, LLC., and | : | |
| VISION   OPPORTUNITY CAPITAL | : | |
| MANAGEMENT, LLC , | : | |
| | : | |
| Counterclaim-Plaintiffs | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| GREGORY MORGENWECK, | : | |
| | : | |
| Counterclaim-Defendant | : | |

## CERTIFICATE OF SERVICE

I, Christopher D. Devanny, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff, Gregory Morgeneweck's Amended Answer to Defendants' Counterclaim has been mailed to the following counsel/parties of record via UPS Overnight mail on the date specified below.

**COUNSEL OF RECORD**:

David K. Momborquette, Esquire
Schultz Ruth & Zabel, LLP
919 Third Avenue
New York, NY   10022
(212-756-2000

Counsel for Defendants and Counterclaim
Plaintiffs Vision Capital Advisors, LLC and Vison
Opportunity Capital Management, LLC

KENT & McBRIDE, P.C.

By: _____
        Christopher D. Devanny
        (CDD3917)
        Woodbridge Towers
        555 Route 1 South, Fourth Floor
        Iselin, NJ   08830
        Court Identification No.:

DATE: _____